UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hammad Chaudry,                                                    Civil No. 06-1303 (PAM/JSM)

                Plaintiff,

v.                                                                 **MEMORANDUM AND ORDER**

Michael Chertoff, Secretary of the
Department of Homeland Security;
Eduardo Aguirre Jr., Director of U.S.
Citizenship & Immigration Services; and
Denise M. Frazier, District Director of
U.S. Citizenship & Immigration Services
for Saint Paul, Minnesota;

                Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss, Plaintiff's Motion for Judgment, and Plaintiff's Motion for Hearing. For the reasons that follow, Defendants' Motion is granted, Plaintiff's Motion for Judgment is denied, and Plaintiff's Motion for Hearing is granted.

**BACKGROUND**

Pro se Plaintiff Hammad Chaudry is a citizen of Pakistan. Plaintiff came to the United States on a non-immigrant student visa on May 12, 2003. On June 11, 2004, he married a United States citizen, Erinn Fulgency Chaudry. Soon after the marriage, on July 23, 2004, Mrs. Chaudry filed an I-130 Petition for Alien Relative. Plaintiff simultaneously filed an I-485 Petition to Adjust Status, seeking a change in immigration status to Lawful Permanent

Resident. The United States Citizen and Immigration Services (USCIS) interviewed Plaintiff on April 21, 2005, in connection with the petitions. The interviewer told the Chaudrys that their documentation was complete except for the USCIS background check. The interviewer thought the background check would be completed in four to six months, but it was not.

Almost a year after the interview, Plaintiff filed the instant action seeking a writ of mandamus and declaratory judgment. The Complaint names as Defendants Michael Chertoff, Secretary of the Department of Homeland Security; Eduardo Aguirre, Jr., Director of USCIS; and Denise Frazier, District Director of the St. Paul District Office of USCIS. Plaintiff accuses Defendants of arbitrary delay in processing his I-485 petition. He asks the Court to compel Defendants to adjudicate the petition immediately.

Defendants have moved to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). They explain that the USCIS cannot adjudicate the petition until it completes its background investigation of Plaintiff. A pending, mandatory name check by the Federal Bureau of Investigation (FBI) is causing the delay.

**DISCUSSION**

Federal subject matter jurisdiction is proper only if Congress has expressly conferred it. State of Mo. ex rel. Mo. Hwy & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997). Congress has deemed that federal courts have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint in this case names the following bases for jurisdiction: the mandamus statute, 28 U.S.C. § 1361; the Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq.; the

Declaratory Judgment Act, 28 U.S.C. § 2201; and § 336(b) of the Immigration and Naturalization Act, 8 U.S.C. § 1447(b).

In examining whether a complaint is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court may rely on matters outside the pleadings without converting the motion to one for summary judgment. See Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (citation omitted).

**A.     Mandamus**

Federal district courts "have jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To be eligible for mandamus relief, extraordinary circumstances must exist, and Plaintiff must establish: (1) a clear and indisputable right to the relief he seeks, (2) Defendants' nondiscretionary duty to honor the right, and (3) the lack of an alternative, adequate remedy. See Castillo v. Ridge, 445 F.3d 1057, 1060 (8th Cir. 2006). If Plaintiff cannot show his eligibility for mandamus relief, § 1361 will not provide subject matter jurisdiction. See Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005); Attias v. Chertoff, No. 4:06-CV-534 CAS, 2006 WL 1738377, at *2-3 (E.D. Mo. June 22, 2006).

The procedure for adjustment of immigrant status from non-immigrant to lawful permanent resident is set forth in 8 U.S.C. § 1255(a). The applicant is subject to criminal and national security background checks to ensure eligibility for adjustment of status. See 8 U.S.C. § 1255(a). Part of those checks are mandatory fingerprint and name checks.

Although Plaintiff's frustration with the delay in processing his I-485 petition is understandable, the background checks must be completed. Thus, Plaintiff has not established a clear and undisputable right to immediate adjudication. Plaintiff has also failed to show that he has no other adequate remedy – his remedy is to wait for the USCIS to process the petition. Accordingly, the mandamus statute does not provide subject matter jurisdiction.

**B.     The APA**

Plaintiff next argues that this Court has jurisdiction under the APA. The Complaint's jurisdictional statement refers to 5 U.S.C. § 701 of the APA. That section provides that judicial review is not available for administrative actions that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Decisions pertaining to an adjustment of immigration status are entirely discretionary. See 8 U.S.C. § 1255(a). Moreover, the Supreme Court has explicitly held that the APA's judicial review provisions do not provide an independent basis for subject matter jurisdiction. Your Home Visiting Nurse Serv., Inc. v. Shalala, 525 U.S. 449, 457-58 (1999) (citing Califano v. Sanders, 430 U.S. 99, 107 (1977)).

Although Plaintiff did not invoke 5 U.S.C. § 555(b) as a basis for jurisdiction in his Complaint, he mentions that section in his opposition memorandum. In relevant part, § 555(b) provides: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Plaintiff now argues that USCIS is acting unreasonably. However, the

4

Complaint does not mention § 555(b), and a complaint must specifically identify the basis for subject matter jurisdiction. See Wahrman v. Wahrman, 94 F.3d 649 (8th Cir. 1996). The Court will not re-write even a pro se complaint in order to create jurisdiction. See Sharkey v. Ganter, No. 05 Civ. 5577 (PAC), 2006 WL 177156, at *4 (S.D.N.Y. Jan. 24, 2006).

Even if the Court amended the Complaint sua sponte to refer to § 555(b), subject matter jurisdiction would not exist because the delay in this case is not unreasonable, as a matter of law. Plaintiff's documentation and interview process was complete on April 21, 2005, approximately seventeen months ago. This length of time is not unreasonable, especially in light of the fact that the Complaint alleges no particular inauspicious motives or unscrupulous actions by Defendants. See INS v. Miranda, 459 U.S. 14, 18-19 (1982) (finding an eighteen-month delay not unreasonable, considering the number of applications received by the agency and its need to investigate; and further stating that the passage of time cannot, standing alone, support a claim of unreasonable delay); Saleh, 367 F. Supp. 2d at 513 (finding a delay of five years not unreasonable as a matter of law); Attias, 2006 WL 1738377, at *2 (finding a three-year delay not unreasonable where the complaint failed to allege other circumstances of unreasonableness).

Moreover, Defendants' counsel explained at the hearing that the USCIS recently asked the FBI to expedite Plaintiff's name check. A USCIS supervisor, Luis Borges, also attested that when the agency receives the results of the name check, it will act quickly to finish processing Plaintiff's I-485 petition. Far from being unreasonable, these actions

5

indicate that Defendants are aware of Plaintiff's situation and are taking affirmative steps to help him.

**C.      The Declaratory Judgment Act**

The Declaratory Judgment Act is a procedural statute, not a jurisdictional one, and thus, it does not provide an independent basis for subject matter jurisdiction. Skelly Oil v. Phillips Petro. Co., 339 U.S. 667, 671-72 (1950); see also Saleh, 367 F. Supp. 2d at 511 (disclaiming jurisdiction under 28 U.S.C. § 2201 in immigration context).

**D.      The Immigration and Naturalization Act**

Finally, the Complaint cites 8 U.S.C. § 1447 as a basis for jurisdiction, but this statute by its terms applies only to applications for naturalization. Plaintiff is not seeking to be naturalized; he is seeking a change in status to lawful permanent resident. Thus, § 1447 does not provide subject matter jurisdiction in this case.

**CONCLUSION**

The Court does not have subject matter jurisdiction in this case. However, dismissal will be without prejudice because Plaintiff's claims, if properly pled, may have merit if the FBI and USCIS persist in delaying adjudication of Plaintiff's I-485 petition. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendants' Motion to Dismiss (Docket No. 10) is **GRANTED**;

2.      Plaintiff's Motion for Judgment (Docket No. 19) is **DENIED**;

3.      Plaintiff's Motion for Hearing (Docket No. 20) is **GRANTED**; and

4.      This case is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>September 16, 2006</u>

<u>s/ Paul A. Magnuson</u>  
Paul A. Magnuson  
United States District Court Judge